FILED '11 MAR 31 16:51 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOHN A. BROWN,

   Plaintiff,     Civil No. 09-6235-AA

  v.         ORDER

MAX WILLIAMS, et al.,

   Defendants.

HOGAN, District Judge.

  Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C § 1983 alleging that defendants violated his Eighth, Ninth and Fourteenth Amendment rights by conspiring to murder him.

  Defendant now move to dismiss pursuant to F.R.Civ.P 12(b) on the ground that plaintiff did not exhaust administrative remedies with respect to his claim. Unenumerated 12(b) Motion to Dismiss (#36).

  Plaintiff alleges that defendants disseminated a statement revealing that he had "snitched" on a prison gang (Claim 1), that defendants took steps to have him murdered

1 - ORDER

between May and June of 2008 (Claim 2), and that these steps forced plaintiff to take his counselor hostage on June 25, 2008 (Claim 3).

The Prison Litigation Reform Act (PLRA) provides: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S. C. § 1997e(a); Porter v. Nussle, 534U.S. 516, 531-32; Booth v. Churner, 532 U.S. 731 (2001). In the Ninth Circuit, inmates are required to exhaust **all grievance remedies prior** to filing a 1983 action, including appealing the grievance decision to the highest level within the grievance system. Bennet v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

The Ninth Circuit Court of Appeals has held that failure to exhaust nonjudicial remedies is not jurisdictional and should be treated as a matter in abatement. Thus, the proper procedural mechanism for adjudicating the existence or absence of exhaustion of nonjudicial remedies is an "unenumerated Rule 12(b) motion" rather than a motion for summary judgment. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F. F.2d 365, 368

(9th Cir. 1988 (per curiam). If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Waytt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).

The Oregon Department of Corrections has a grievance system to address inmate complaints. See, Hansen Declaration (#38), Attachment 2, OAR 291-109-0100 through 291-109-0190 (effective 11/06); see also, Declaration of Carissa Casper (#37) p. 1-3. The Declaration fo Carissa Casper indicates that plaintiff could seek administrative review of the "murder for hire" and other issues alleged in his complaint. See Casper Declaration, Id, p. 2.

Plaintiff filed numerous grievances while in ODOC custody. See, Hanson Declaration (#38), paragraphs 13-40, Attachments 4-11. However he did not file a single grievance relating to the May and June 2008 alleged incidents that are the subject of the present lawsuit. See generally, Hansen Declaration (#38) and Casper Declaration (#37).

Plaintiff alleges that defendants "manipulated the grievance process so that [his] grievance on the issue regarding the defendants was rejected 5 times" and that "they refused to process his grievance." Plaintiff's Response (#44) p. 2. Plaintiff has submitted a copy of a grievance he submitted on August 31, 2009, as evidence that he attempted to exhaust his administrative remedies as to his claims herein. See (#47).

3 - ORDER

However, the grievance relied upon by plaintiff was filed on August 31, 2009 - over one year after the alleged incidents giving rise to plaintiff's claims. The grievance was a rambling narrative of non-specific safety concerns and mail issues, some of which are alleged in his complaint in this case. Hansen Declaration (#38) paragraph 48, Attachment 18; see also Plaintiff's Response (#47) attachment 1. The grievance was rejected because it did not comply with ODOC grievance requirements. Specifically, it did not name a specific staff member, it gireved multiple issues, and did not provide any specifics as to what any staff member did to affect plaintiff's safety. Hansen Declaration (#38), paragraph 48. To the extent that the August 31, 2009, grievance was attempting to grieve the alleged incidents in the summer of 2008 that are the subject of plaintiff's complaint in this case, the grievance was well outside the 30 day limitation to file a grievance. Hansen Declaration (#38) paragraph 8; Attachment 2, OAR 291-109-0140(3)(e).

The Prison Litigation Reform Act require that inmates exhaust all grievane remedies in accordance with the applicable institution's procedural rules prior to filing a 1983 lawsuit. <u>Jones v. Bock</u>, 549 U.S. 199, 218-19 (2007) (reaffirming that the PLRA requires that prisoner's complete the administrative review process in accordance with the applicable institution's rules); <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2387 (2006). The Court has specifically held that the

4 - ORDER

prison grievance deadlines are precisely the type of "critical" procedural rule with which the PLRA requires compliance. *Woodford*, 126 S.Ct. 2388.

In this case, plaintiff did not comply with the grievance procedural rules and therefore did not exhaust his administrative (nonjudicial) remedies with respect to his claims in this case. Defendants Motion to Dismiss (#36) is allowed. Plaintiff's claims are dismissed without prejudice. This action is dismissed.

IT IS SO ORDERED

DATED this 31 day of March, 2011.

Ann Aiken
United State District Judge